IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FRANK WHITE, | ) | |
| AIS #251227, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-CV-16-MHT |
| | ) | [WO] |
| | ) | |
| J. C. GILES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Frank White

["White"], a former state inmate, against J. C. Giles, the warden of Ventress Correctional

Facility ["Ventress"], Richard Allen, the commissioner of the Alabama Department of

Corrections, Darrell Parker, an assistant warden at Ventress, correctional officer Darrell

Two, Prison Health Care, the previous health care provider for the state prison system, and

Dr. Peasant, a physician employed at Ventress.[1]  In this complaint, White asserts the

correctional defendants acted with deliberate indifference to his safety by failing to

maintain the walkway at Ventress in a proper state of repair resulting in his fall and injuries

---

[1]Counsel for the correctional defendants informs the court that officer Two's correct name is Tew, whereas counsel for the medical defendants advises that the proper name for the health care provider is Prison Health Services, Inc.  However, for purposes of this Recommendation, the court will refer to these defendants as named in the complaint.

to his head.   White further complains the defendants denied him adequate medical treatment for the injuries he suffered in this fall.   White seeks declaratory relief and monetary damages for the alleged violations of his constitutional rights.   *Plaintiff's Complaint - Court Doc. No. 1* at 4.

The defendants filed special reports, answers and supporting evidentiary materials addressing each of White's claims for relief.   Pursuant to the orders entered herein, the court deems it appropriate to treat these reports as motions for summary judgment.   *Order of July 2, 2008 - Court Doc. No. 43*.   Thus, this case is now pending on the defendants' motions for summary judgment.   Upon consideration of these motions, the evidentiary materials filed in support thereof and the plaintiff's response in opposition to the reports/motions, the court concludes that the defendants' motions for summary judgment are due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"   *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[2]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine issue of material fact.  Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for

---

[2]Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only." Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

3

trial.").  A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of pison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted).  Consequently, to survive the defendants' properly supported motions for summary judgment, White is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutionally inadequate medical treatment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e)(1), *Federal Rules of Civil Procedure*.  "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted."  *Id*. at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."  *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990).  Conclusory allegations based on subjective beliefs are likewise insufficient to

create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (the plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami,*

*Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the substantive law applicable to the case.  *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment.").  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case."  *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable

trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, White fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## III. DISCUSSION

On December 14, 2007, White stepped in a hole while walking on the prison yard at Ventress which caused him to fall and suffer injuries to his head and face. White alleges the correctional defendants acted with deliberate indifference to his safety because they failed to keep the walkway on prison yard in a proper state of repair. *Plaintiff's Complaint - Court Doc. No. 1* at 2-3. White further complains the defendants failed to provide him adequate medical treatment for the injuries suffered in this fall. *Id*. at 3. The defendants deny they acted with deliberate indifference to White's safety or medical needs.

### A. Absolute Immunity

With respect to claims lodged against the defendants in their official capacities, they

are immune from monetary damages.  Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985).  "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996).  Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear to the court that the defendants are state officials entitled to sovereign immunity under the Eleventh Amendment for all claims seeking monetary damages from them in their official capacities.  *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994).  Thus, the defendants are entitled to absolute immunity from any claims for monetary relief presented against them in their official capacities.

## B.  Negligence

To the extent the complaint can be construed to allege a claim of negligence with

regard to the condition of the walkway, this claim entitles White to no relief.  The law is well settled that the Constitution is not implicated by negligent acts of an official causing unintended loss of life, liberty or property.  *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (protections of the Constitution "are just not triggered by lack of due care by prison officials.").  Based on the foregoing, the court concludes that any claim based on alleged negligence by the correctional defendants in their maintenance of the prison yard does not rise to the level of a constitutional violation and provides no basis for relief in this 42 U.S.C. § 1983 action.

### C.  Claims Against Richard Allen

It is clear from a review of the complaint that defendant Allen is sued solely due to his position as Commissioner of the Alabama Department of Corrections.  However, the law is well settled that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999), citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of subordinates/employees under either a theory of respondeat superior or vicarious

liability); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Florida*, 402 F.3d 1092, 1115-1116 (11th Cir. 2005) (a prisoner simply cannot rely on theories of vicarious liability or respondeat superior to establish liability).  Thus, defendant Allen is liable in the present cause of action only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."  *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citation omitted).

White does not allege that defendant Allen personally participated in the actions about which he complains.  Additionally, it is undisputed that defendant Allen is not involved in either the daily maintenance of correctional facilities or the specific medical treatment provided to inmates confined in the state prison system.  Moreover, White fails to present any facts which indicate a causal relationship between an action undertaken or policy enacted by defendant Allen and the alleged constitutional deprivations.  A supervisory official "may be liable only for implementing a policy that is 'itself [ ] a repudiation of constitutional rights' and 'the moving force of the constitutional violation.' *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir.1985)."  *Oliver v. Scott*, 276 F.3d 736 (5th Cir. 2006).  Consequently, the claims lodged against defendant Allen lack an arguable basis in law and are therefore subject to dismissal pursuant to the provisions of

10

28 U.S.C. § 1915(e)(2)(B)(i).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[1]

### D.  Deliberate Indifference to Safety

White alleges the correctional defendants failed to properly maintain the prison yard causing him to fall and suffer injuries to his head.  *Plaintiff's Complaint - Court Doc. No. 1* at 2-3 ("I fell beside the walkway, due to poor up keep of the prison yard.  [A deep hole between the walkways] was and still is not flagged....").  The court construes this assertion as a claim of deliberate indifference to the plaintiff's safety arising under the Eighth Amendment.  The correctional defendants adamantly deny they acted with either callous disregard or deliberate indifference to White's safety.  *Correctional Defendants' Exhibit A to the April 21, 2008 Special Report (Affidavit of J. C. Giles) - Court Doc. No. 26-1*; *Correctional Defendants' Exhibit B to the April 21, 2008 Special Report (Affidavit of Darrell Parker) - Court Doc. No. 26-2*; *Correctional Defendants' Exhibit A to the July 1, 2008 Special Report (Affidavit of Anthony Tew) - Court Doc. No. 42-1*.  Specifically, the defendants assert they had no knowledge of a hole existing on the walkway of the prison yard in the path identified by White nor that White fell while walking to the canteen.

A correctional official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to an inmate's safety when the official knows the inmate faces "a substantial risk of serious harm" and with such knowledge disregards the risk by

---

[1]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A constitutional violation occurs only "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[] reasonably to the risk.' *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1982-83, 128 L.Ed.2d 811 (1994). A plaintiff must also show that the constitutional violation caused his injuries." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11ᵗʰ Cir. 2001) (en banc).

In *Farmer*, the Court identified both objective and subjective elements necessary to establish an Eighth Amendment violation. With respect to the requisite objective elements, an inmate must first show "an objectively substantial risk of serious harm ... exist[ed]. Second, once it is established that the official is aware of this substantial risk, the official must react to this risk in an objectively unreasonable manner." *Marsh*, 268 F.3d 1028-1029. As to the subjective elements, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.... The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.' ... ***[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment***." *Farmer*, 511 U.S. at 837-838 (emphasis added); *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11ᵗʰ Cir. 1999) (citing *Farmer*, 511 U.S. at 838) ("Proof that the defendant should have

12

perceived the risk, but did not, is insufficient."); *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996) (same).  The conduct at issue "must involve more than ordinary lack of due care for the prisoner's interests or safety....   It is ***obduracy and wantonness, not inadvertence or error in good faith***, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (emphasis added).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'"  *Farmer*, 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991)....   Even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists - and the prison official must also "draw that inference."  *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).  "The known risk of injury must be a strong likelihood, rather than a mere possibility before a [correctional official's] failure to act can constitute deliberate indifference."  *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations and internal quotations omitted).  As the foregoing makes clear, "[m]erely negligent failure to protect an inmate ... does not justify liability under section 1983...."  *Id*.

Pursuant to the aforementioned criteria, White is "required to produce sufficient

evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation[]" in order to survive summary judgment on his deliberate indifference claim. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995); *Farmer*, 511 U.S. at 837-838 (To circumvent entry of summary judgment on a properly supported motion, plaintiff must produce sufficient evidence which demonstrates (1) an objectively substantial risk of serious harm; (2) a subjective awareness of this risk on the part of the defendants; (3) the defendants responded to such risk in an objectively unreasonable manner; and (4) the actions/omissions of the defendants caused his injuries); *Marsh*, 268 F.3d at 1028-1029 (same).

While it is unfortunate that White suffered injuries when he fell, the record is completely devoid of evidence that the action about which he complains occurred due to deliberate indifference on the part of the correctional defendants. White presents no evidence of an objectively substantial risk of serious harm nor is there any evidence demonstrating an actual, subjective awareness of a substantial risk of such harm by these defendants, each of which is a required element of his Eighth Amendment claim. Neither the assertion the defendants should have known of the hole nor the mere possibility White could be injured while walking across the prison yard is enough to establish deliberate indifference on the part of the correctional defendants. *Brown*, 894 F.2d 1537. "Plaintiff has failed to establish that the Defendant[s] had a subjective awareness of a substantial risk of serious physical [harm] to Plaintiff; thus, Plaintiff has failed to establish a required

14

element of this claim.  When viewing the evidence most favorably toward Plaintiff, a claim for deliberate indifference has not been established...."  *Carter*, 352 F.3d at 1350 (footnote omitted).  Consequently, summary judgment is due to be granted in favor of the defendants on this claim.

## E.  Denial of Adequate Medical Treatment

White contends correctional and medical personnel assigned to Ventress failed to provide him adequate treatment for injuries he suffered in the fall on the prison yard. Specifically, White alleges the defendants refused him immediate examination by a physician, did not transport him to a free-world hospital, failed to prescribe pain medication upon his initial request and refused to order x-rays.  *Plaintiff's Complaint - Court Doc. No. 1* at 3.

To prevail on a claim concerning an alleged denial of adequate medical treatment, an inmate must, at a minimum, show that those responsible for providing such treatment acted with deliberate indifference to his serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986).  Specifically, prison officials and medical personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292; *Mandel v. Doe*, 888 F.2d 783, 787 (11th Cir.1989).  "In articulating the scope of inmates'

15

right to be free from deliberate indifference, however, the Supreme Court has also emphasized that not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Mandel,* 888 F.2d at 787. Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' *Rogers,* 792 F.2d at 1058 (citation omitted). Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. *See Estelle,* 429 U.S. at 106, 97 S.Ct. at 292 ('Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.'); *Mandel,* 888 F.2d at 787-88 (mere negligence or medical malpractice 'not sufficient' to constitute deliberate indifference); *Waldrop,* 871 F.2d at 1033 (mere medical malpractice does not constitute deliberate indifference). Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment. *See Waldrop,* 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977))." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991); *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985) (mere fact that a prisoner desires a different mode of medical treatment does not amount to deliberate indifference). Those responsible for providing medical treatment to an inmate may be held liable under the Eighth Amendment only for acting with deliberate indifference to an inmate's health when the provider knows that the inmate faces a

substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994).

No extended discussion of the facts is necessary. The record demonstrates that immediately upon his fall White ambulated to the health care unit where a nurse "cleaned the blood off [small abrasions to his lip and nose] and put antibiotic cream on" the injured areas. *Plaintiff's Affidavit in Support of Response - Court Doc. No. 46-1* at 1. The nurse advised White he would have to make an appointment with the prison physician to receive any prescription medications. *Id*. On December 19, 2007, White submitted a health services request form in which he sought treatment for difficulty breathing and pain emanating from his nose and mouth. *Medical Defendants' Exhibit A to the Amended Special Report - Court Doc. No. 29-1* at 19; *Plaintiff's Exhibit B to Response - Court Doc. No. 46-3* at 1. On this same date, White reported to the health care unit seeking treatment for "scrape[s] to his nose & lip." *Medical Defendants' Exhibit A to the Amended Special Report - Court Doc. No. 29-1* at 20; *Plaintiff's Exhibit B to Response - Court Doc. No. 46-3* at 2. At this time, nurse Young observed "moderate bleeding from an abrasion on [White's] nose and top lip." *Id*. The nurse cleaned the injury and applied a band aid which controlled the bleeding. *Id*. Nurse Young did not deem any additional treatment necessary and therefore released White to return to his dorm. *Id*.

On December 20, 2007, health care personnel again examined White based on his December 19, 2007 health services request form. The attending nurse noted White advised

her he "fell yesterday ... [and] need[ed] to see the doctor." *Medical Defendants' Exhibit A to the Amended Special Report - Court Doc. No. 29-1* at 19; *Plaintiff's Exhibit B to Response - Court Doc. No. 46-3* at 1.  The nurse thoroughly examined White and noted a "broken area to lips, bandaid to nose...." *Id.*  She referred White to the prison's physician for further evaluation.  *Id.*

On December 21, 2007, Dr. John Peasant examined White for complaints regarding the injuries suffered in his fall.  Dr. Peasant addresses the claims regarding the medical treatment provided to White for these injuries as follows:

> On December 19, 2007, Mr. White presented himself to the emergency room at the Ventress Correctional Facility.  He informed nurse Young that he had stepped in a pothole and hit his head and scraped his nose.  Nurse Young treated the wound and treated the abrasion with triple antibiotic [ointment], placing a band-aid on the abrasion....
>
> On December 19, 2007, Mr. White completed a sick call request pertaining to his fall and the subsequent abrasion.  The sick call request was received [by health care personnel] on December 20, 2007.
>
> On December 20, 2007, Mr. White was seen by Nurse Benefield who noted that Mr. White had an abrasion on his nose and upper lip.  Nurse Benefield [treated the abrasion and] made an appointment for Mr. White to see a physician.
>
> On December 21, 2007, I personally saw and treated Mr. White.  Mr. White was noted to be alert and in no acute distress.  He was noted to have an abrasion on his upper lip and nose and was also noted to have nasal congestion.  My diagnosis was that of contusion to the face.  I did not see any medical necessity for an x-ray.  Mr. White was given a prescription of Percogesic for pain, with instructions to take the medication three times a day for thirty days.  Mr. White was given an appointment to return to see me on December 28, 2007.
>
> On December 27, 2007, Mr. White was seen in sick call by Nurse Practitioner Floyd.  Nurse Floyd noted that Mr. White had an abrasion on his nose.  Mr. White [did not] return[] to see me for his appointment on

18

December 28, 2007.

I have not seen Mr. White regarding the abrasions he received [in December of 2007 fall] since I saw and treated him on December 21, 2007.

I have seen and continue to treat Mr. White for issues that are not related to his December [of] 2007 fall. However, since December 21, 2007, Mr. White has never complained to me personally or requested to be seen by me for any issues related to the abrasions he received as a result of his ... fall [in mid-December of 2007].

*Medical Defendant's Exhibit B to the February 18, 2008 Special Report (Affidavit of Dr.*

*John Peasan, Sr.) - Court Doc. No. 9-2 at 3-4.*

Under the circumstances of this case, it is clear that the course of treatment undertaken by the defendants was neither grossly incompetent nor inadequate. Although White asserts he should have been provided a different mode of treatment, this assertion fails to establish deliberate indifference. *Garvin*, 236 F.3d at 898 (difference of opinion regarding manner in which condition should be treated fails to demonstrate a constitutional violation); *Adams*, 61 F.3d at 1545 (whether medical personnel "should have employed additional ... forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for liability under the Eighth Amendment."); *Hamm*, 774 F.2d at 1505 (inmate's desire for some other form of medical treatment does not constitute deliberate indifference violative of the Constitution); *Franklin*, 662 F.2d at 1344 (simple divergence of opinions between medical personnel and inmate-patient do not violate the Eighth Amendment). It is undisputed that White received medical treatment for his injuries as dictated by objective evaluations of his condition. Based on well settled law

cited herein, his mere desire for a different mode of medical treatment does not amount to deliberate indifference. White has failed to present any evidence which indicates the defendants knew the manner in which medical personnel treated his injuries created a substantial risk to his health and that with this knowledge consciously disregarded such risk. The record is devoid of evidence, significantly probative or otherwise, showing that the defendants acted with deliberate indifference to White's abrasions. Consequently, summary judgment is due to be granted in favor of the defendants. *Carter*, 352 F.3d at 1350.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motions for summary judgment be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that **on or before September 2, 2010** the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th day of August, 2010.


       /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE